UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDRE T. DAVIS,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 17-cv-416-JPG

Criminal No 12-cr-40099-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Andre T. Davis's response to the Court's July 25, 2017, order to show cause (Doc. 2) why it should not dismiss his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) as untimely under § 2255(f). Davis has responded to the order to show cause (Doc. 3), and the Government has replied to his response (Doc. 4).

On December 30, 2013, Davis pled guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(C). On April 17, 2014, the Court found Davis was a career offender based on prior drug felony convictions and sentenced him to serve 162 months in prison, below the 20-year statutory maximum. *See* 21 U.S.C. § 841(b)(1)(C). The petitioner did not appeal his sentence. He filed this § 2255 motion on April 24, 2017.

In its order to show cause, the Court noted that it appeared Davis filed his § 2255 motion beyond the one year period described in 28 U.S.C. § 2255(f). He filed his motion on April 24, 2017, nearly two years after his conviction became final under § 2255(f)(1) on May 1, 2014, the last day he could have filed a notice of appeal. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); Fed. R. App. P. 4(b)(1)(A)(i) (allowing fourteen days after entry of a criminal judgment to file a notice of appeal). The Court further noted that Davis's one-year period to file a

§ 2255 motion did not begin to run anew under § 2255(f)(3) with the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), issued on June 23, 2016, because the Supreme Court did not initially recognize a right in that decision. On the contrary, it came to a result dictated by its precedent. *Id.* at 2251. Finally, the Court rejected the notion that the one-year limitation period began to run under § 2255(f)(4) when Davis later located documents showing he was seventeen years old at the time of one of his prior convictions used as a basis for his career offender status. Nevertheless, the Court gave Davis an opportunity to show cause why the Court should not dismiss this § 2255 motion as untimely.

In his response, Davis focuses on the limitation period triggers found in § 2255(f)(3) and (4). He argues that *Mathis* is retroactive on collateral review, so satisfies the requirements of § 2255(f)(3), and that his prior conviction for a crime he committed as a seventeen-year-old was not properly considered in determining his career offender status.

With respect to *Mathis*, whether it is retroactively applicable on collateral review is immaterial where it did not initially recognize a new right, a criterion that must be satisfied before § 2255(f)(3) commences a new one-year limitation period . As explained in the Court's order to show cause, *Mathis* did not initially recognize a new right, so the one-year limitation period is not triggered by that decision. This is true regardless of whether *Mathis* is retroactively applicable on a *timely* collateral review.

With respect to Davis's documents showing he was seventeen years old when he committed one of his prior drug offenses, the documents do not amount to new facts that could not have been discovered earlier through due diligence, so they do not trigger the one-year limitation period under § 2255(f)(4). As noted in the Court's earlier order, it was known to the Court and

2

defense counsel, and should have been known to Davis himself, at the time of sentencing that he committed one of his prior crimes when he was seventeen years old. Thus, it is not now a newly discovered fact triggering a new one-year period to file a § 2255 motion. Whether the use of that conviction was properly considered to support career offender status is beside the point if the motion raising that argument was filed too late.

Because Davis has failed to show why the Court should not dismiss his § 2255 motion as untimely, the Court **DENIES** the motion for the reasons explained in its July 25, 2017, order to show cause (Doc. 2) and noted in this order. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012). Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a

substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85). The Court finds that reasonable jurists would not find the underlying constitutional claims *and* the procedural rulings in this case debatable. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: January 3, 2018**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**